# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SCOTT ODELL CLARK,

        Defendant-Appellant.

UNPUBLISHED
October 25, 2018

No. 338868
Saginaw Circuit Court
LC No. 16-042278-FC

Before: MURPHY, P.J., and GLEICHER and LETICA, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

The Michigan Rules of Evidence permit a judge to question trial witnesses. MRE 614(b). A judge exercising this option must scrupulously avoid advocacy. *People v Stevens*, 498 Mich 162, 174; 869 NW2d 233 (2015). The goal of judicial questioning should be to help the jury by clarifying testimonial ambiguities. *Id*. at 173.

Defendant challenges the trial court's questioning of Kyle McGraw, an undercover officer and the daughter of the trial court's colleague, Judge Patrick McGraw. During McGraw's direct testimony she recounted the circumstances of a controlled drug buy that took place in an unmarked police car. The prosecutor's questioning of McGraw was lengthy and detailed. McGraw provided considerable information about the appearance of the man she believed to have been defendant and his location in relation to her car. She also described her fellow officer's quick action to disarm the passenger. Defense counsel covered some of this same ground during his cross-examination.

I respectfully disagree with my colleagues' characterization of the trial judge's questions of McGraw as benign clarification. In my view, the judge's questions emphasized facts damaging to defendant and bolstered the prosecution's case. The trial court instructed *defense* counsel to cooperate in a brief role-playing exercise with McGraw to show the jury how the passenger was relieved of his weapon. This had nothing to do with defendant's alleged presence outside the car. It was unnecessary, unfair to defense counsel, and designed to enhance McGraw's credibility as a brave undercover agent. Like the judge's comment regarding McGraw's appearance noted by the majority (see footnote 1 of the majority opinion), I believe that the court's questions of McGraw would have been better left unasked.

Nevertheless, the role-playing and judicial interrogation of McGraw were brief. Considering the totality of the evidence presented at trial, in which eight prosecution witnesses

inculpated defendant, it is not reasonably likely that the judge's conduct improperly influenced the jury.  See *id*. at 171.  Accordingly, I concur in the affirmance of defendant's conviction.


/s/ Elizabeth L. Gleicher